FILED

JUN 1 - 1990

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

MAY 31 1990

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH I. GOLDSTEIN
RUDOLPH GERLICH, JR.
LEO F. ORENSTEIN
STEPHEN N. YOUNG
SECURITIES AND EXCHANGE COMMISSION
450 Fifth Street, N.W.
Washington, D.C. 20549
Telephone: 202/272-3832

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

    v.

JOSEPH BEHAR, DONALD CARTER,
DOROTHY CARTER, DEBORAH
CASTELLUCCI, MARY ALICE GRAVES,
CHRISTOPHER SCOTT, JON TREDER,
CHARLES DEVENPORT WAILES, and
S. ADRIENNE WAILES,

           Defendants.

---

C 90 1563 MHP

90 Civ. _____

FINAL JUDGMENT OF
PERMANENT INJUNCTION
AND OTHER RELIEF AGAINST
S. ADRIENNE WAILES

Plaintiff Securities and Exchange Commission commenced this action on _May 31_, 1990, by filing a complaint alleging, inter alia, that defendant S. Adrienne Wailes violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

In a consent filed simultaneously with the complaint, Wailes waived service of process, entered a general appearance, admitted the jurisdiction of this Court over her and the subject matter of this action, waived the entry of findings of fact and conclusions

ENTERED IN CIVIL DOCKET _____ JUN 6, 1990 ___

of law under Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations made in the complaint, consented to entry without further notice of this Final Judgment of Permanent Injunction enjoining her from engaging in transactions, acts, practices, or courses of business which constitute or would constitute violations of section 10(b) of the Exchange Act or Rule 10b-5 thereunder. It appearing that this Court has jurisdiction over the parties and the subject matter of this action, and the Court being fully advised in the premises, and there being no just reason for delay:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that S. Adrienne Wailes, her agents, servants, employees, attorneys-in-fact, and those persons in active concert and participation with her, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, by use of any means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security,

    (a) employing any device, scheme, or artifice to defraud;

    (b) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as soon as practicable and in any event no later than December 31, 1990, Wailes shall pay to the United States Treasury a civil penalty under section 21A of the Exchange Act, of 15 U.S.C. § 78u-1, in the amount of $78,130.50, plus interest thereon pursuant to 28 U.S.C. § 1961. The amount of $78,130.50 represents the sum of $34,650 (the profit gained by Donald Carter and Dorothy Carter on their purchase of Modulaire stock described in the complaint); $6,187.50 (the profit gained by Mary Alice Graves on her purchase of Modulaire stock described in the complaint); $20,500 (half the profit gained by C. Devenport Wailes on his purchases of Modulaire stock described in the complaint); and $16,793 (half the profit gained by Christopher Scott on his purchases of Modulaire stock described in the complaint).

Dated: __JUN 1- 1990__, 1990

_____
UNITED STATES DISTRICT JUDGE

JUDGEMENT ENTERED: